JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JAN 29 1976
PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE ROYAL AMERICAN INDUSTRIES, INC. ) DOCKET NO. 225
SECURITIES LITIGATION )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation centers around the June 19, 1975 merger of Royal American Industries, Inc. (Royal) and Royam Industries Corporation (Royam), with Royal remaining as the surviving corporation. Royam, allegedly formed for the sole purpose of merging with Royal, was a wholly-owned subsidiary of Bankers Life & Casualty Co. (Bankers), which, in turn, was controlled by John D. McArthur. Prior to the merger, Bankers also owned 74.6 per cent of Royal's common stock.

In connection with the then proposed merger of Royal and Royam, Royal, on May 23, 1975, issued a proxy statement to its shareholders advising them that they would receive $10.30 per share held, with no opportunity to remain a shareholder following consummation of the merger.

---

\* Judge Murrah took no part in the consideration or decision of this matter.

It further informed shareholders that a majority vote of the outstanding stock in each of the corporations was required to approve the merger but that approval by both corporations was assured since Bankers held 100 per cent of the stock of Royam and 74.6 per cent of the stock of Royal.

There are two actions in this litigation: one in the Southern District of Florida and the other in the District of Delaware. Each of the actions is brought as a class action on behalf of all public stockholders of Royal, except the named defendants. Bankers, Royal and McArthur are defendants in both actions while the Delaware action includes, as additional defendants, certain employees of Bankers who allegedly acted as McArthur's nominees in connection with the transactions at issue.

Plaintiffs in each action allege that the sole purpose of the merger is to effect a freeze-out of the public shareholders of Royal by eliminating their stock interests. They contend that the merger agreement and the merger itself, if consummated, constitute acts and practices which will operate as a fraud or deceit upon plaintiffs in violation of §10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. Plaintiffs further allege that the proxy statement issued by defendants in connection with the then proposed merger violated §10(b) and §14(a) of the Exchange Act and that defendants breached their common law fiduciary duties to Royal's minority stockholders.

- 3 -

This matter is before the Panel on the motion of plaintiffs in the Florida action to transfer the Delaware action to the Southern District of Florida for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the action pending in that district. Plaintiffs in the Delaware action and all defendants do not oppose Section 1407 proceedings in these actions but they request that the Panel select the District of Delaware as the transferee forum instead of the Southern District of Florida.

Although we recognize the existence of common questions of fact between these actions, it is our view that, in the particular circumstances of this litigation, coordinated or consolidated pretrial proceedings pursuant to Section 1407 would not necessarily promote the just and efficient conduct of the two actions. Accordingly, the motion to transfer is denied. [1]

In In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543 (J.P.M.L. 1969), the Panel refused to order Section 1407 proceedings where only two actions were involved. This determination resulted from our conclusion that, in the circumstances there found, the just and efficient conduct of the two actions would not be furthered by the requested

---

[1] The parties waived their right to oral argument and, pursuant to R.P.J.P.M.L. 14, 65 F.R.D. 253, 264 (1975), the question of transfer of these actions under Section 1407 was submitted for decision on the briefs.

transfer. The principle which emerged from our decision in Scotch Whiskey is that in order to demonstrate that the just and efficient conduct of the litigation would be promoted by transfer where only a minimal number of actions are involved, the moving party bears a strong burden to show that the common questions of fact are so complex and the accompanying discovery so time-consuming as to overcome the inconvenience to the party whose action is being transferred and its witnesses. 299 F. Supp. at 544.

In addition to balancing complexity and commonality against the convenience of parties and witnesses, the determination of whether transfer of a minimal number of actions would promote the just and efficient conduct of the litigation requires consideration of the relative effect on judicial effort. See In re Photocopy Paper Litigation, 305 F. Supp. 60, 62 (J.P.M.L. 1969). In deciding whether the overall expenditure of judicial energies will be minimized by transfer, the possibility of cooperation among the judges to whom the constituent actions are assigned must be evaluated as an alternative. See In re Iowa Beef Packers, Inc. Litigation, 309 F. Supp. 1259, 1260 (J.P.M.L. 1970).

Application of the Scotch Whiskey balancing test in the instant litigation leads us to a somewhat curious result. Plaintiffs in the Florida action maintain that it would be inconvenient for them to have that action transferred to Delaware while the Delaware plaintiffs contend that

- 5 -

transfer to Florida would be inconvenient to them. The principal defendants, on the other hand, would not be inconvenienced by transfer to either forum since they are already present in each. In our view, plaintiffs in neither action have demonstrated that these actions are so complex and the accompanying discovery so time-consuming as to overcome the inconvenience of the other in having its action transferred to a different forum.

Although the presence of competing requests for class designations has previously distinguished <u>Scotch Whiskey</u> and served to justify transfer, <u>In re Clark Oil and Refining Corporation Antitrust Litigation</u>, 364 F. Supp. 458, 459 (J.P.M.L. 1973), we are not similarly persuaded here. Instead, we believe that consultation and coordination between the two concerned courts coupled with cooperation of the parties will suffice. <u>See</u> <u>Manual for Complex Litigation</u>, Part I, §5.40 (rev. ed. 1973). Under the guidance of these courts, we are confident that procedures will be utilized to govern the conduct of each action in light of the pendency of the other which will minimize efforts by the parties and the judiciary, prevent duplication of discovery and eliminate any possibility of inconsistent pretrial rulings.

IT IS THEREFORE ORDERED that the motion to transfer the action listed on the following Schedule A and pending in the District of Delaware to the Southern District of Florida for coordinated or consolidated pretrial proceedings

- 6 -

with the action pending in that district and listed on Schedule A, be, and the same hereby is, DENIED.

   IT IS FURTHER ORDERED that the request to transfer the action listed on the following Schedule A and pending in the Southern District of Florida to the District of Delaware for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A be, and the same hereby is, DENIED.

SCHEDULE A                                          DOCKET NO. 225

    SOUTHERN DISTRICT OF FLORIDA

Sam and Marilyn Pill v. Bankers Life               Civil Action
   and Casualty Co., et al.                       No. 75-134-Civ-CF

    DISTRICT OF DELAWARE

520 Broadway Corp., et al. v.                      Civil Action
   John D. McArthur, et al.                        No. 75-173